UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW TILOT,

     Plaintiff,

v.

CHARLES S. JAMSEN, et al.,

     Defendants.

Case No. 26-cv-11800

Honorable Robert J. White

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

---

Matthew Tilot commenced this 42 U.S.C. § 1983 action against medical officers and staff employed with the Michigan Department of Corrections. The complaint alleges that the MDOC employees violated the Eighth Amendment to the United States Constitution by exhibiting deliberate indifference to Tilot's side effects from medications used to treat a traumatic brain injury. Before the Court is Tilot's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Dismissal is appropriate here because the complaint contains broad conclusory allegations against the defendants generally without specific facts addressing their personal involvement in the alleged Eighth Amendment violations. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *see also Vantrease v. Corrections Corp. of America*, 21 F. App'x 417, 418 (6th Cir. 2001). Accordingly,

IT IS ORDERED that Tilot's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Tilot may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that Tilot's motion for appointment of counsel (ECF No. 3) is denied as moot.

Dated: June 9, 2026                   s/ Robert J. White
                                      Robert J. White
                                      United States District Judge

3